SUTCLIFFE BAXTER AND ALBERT M. BROOKS (Partners under the firm name of S. Baxter & Co.), PLAINTIFFS IN ERROR,

*v.*

JOHN WAITE, RICHARD ROBERTSON LOCKETT AND WM. JEFFREY LOCKETT (Partners under the firm name of W. & J. Lockett), DEFENDANTS IN ERROR.

A failure to object to an account rendered within a reasonable time, in view of the circumstances of a particular case, creates a presumption of the correctness of the account, and shifts the burden of proof.

The statement of an account, not by express agreement, but by the silence of the party to whom the account is rendered, does not constitute a new and independent contract.

It is error for the Court to instruct the jury, where an account has been rendered to a party who, within a reasonable time, fails to object to the same, that he is bound thereby; unless he can show by a preponderance of evidence errors in such account, of which, during his silence, he was uninformed, or can show some excuse satisfactory to the jury for not objecting.

An instruction to the jury, that the defendant would not be liable on an account rendered for errors or mistakes, fraudulent or otherwise, of which they were not aware at the time of the commencement of the action, is erroneous; because such instruction deprives the defendant of showing a similar errror or mistake, that may have been discovered by him between the time of the commencement of the action and the trial.

To create an account stated by way of an estoppel, other things must concur than knowledge, at the time the account was rendered, of the truth of the matter the party defending is trying to set up, among the most important of which are ignorance of the truth on the part of the person claiming the estoppel, and action on his part to his prejudice, induced by the silence of the other party.

An incorrect *special* instruction is not cured by correct *general* instructions on the same subject.

Interest upon an open account is not recoverable, unless stipulated for by contract.

ERROR, to Third Judicial District, holding terms at Seattle.

The action was commenced by the defendants in error, to recover the sum of $7,484.05, with interest at the rate of ten

per cent. per annum, from the 10th day of November, 1881, upon the balance of a current account for goods, wares, and merchandise sold and delivered by them to the plaintiffs in error, and for money advanced by them to said plaintiffs in error, and for money paid by the defendants in error for the use of the plaintiffs in error, and for interest upon that account.

The account referred to in the complaint extended from the 23d day of May, 1877, to the 31st day of December, 1880. The evidence shows that during all that time the defendants in error were commission merchants, dealing in wines and spirits, doing business in Liverpool, England, and the plaintiffs in error were merchants doing business in Seattle, Washington Territory.

Their mutual dealings commenced under an arrangement made in December, 1876, whereby the defendants in error were to sell, or cause to be sold, for plaintiffs in error, on commission, such consignments of hops, furs, and other goods as might be made to them, and were to guaranty the proceeds, and were to receive for their services a commission.

Under this arrangement, the dealings of the parties continued from the 3d day of May, 1877, until the 31st day of December, 1880. Accounts of sales, showing disbursements and charges and statements of accounts, were sent every six months. During all this time the parties were in correspondence, both by letters and telegrams. The defendants in error were advancing money to the plaintiffs in error, and making sales for them, and no objection was made by the plaintiffs in error to the items of the accounts, nor was the balance shown by these statements to be due the defendants in error questioned.

Plaintiff in error contended that the accounts were not correct; that the reason he had not by correspondence pointed out their errors and sought to correct them, was, that it was his intention to see defendant in error in person, and thus bring about an adjustment of their differences.

Against objection of defendant in error, certain depositions and statements of account were admitted in evidence, and in the course of the Court's charge to the jury, the following instruction was given:

" The reception by defendants of accounts of sales rendered them by plaintiffs, and defendants' failure to object to the ac-

counts, affords only *prima facie* evidence of the correctness of the accounts thus rendered; and the defendants may nevertheless show that such accounts are not correct by showing fraud, mistake or errors, and if the jury believe from the evidence that there are errors or mistakes, fraudulent or otherwise, in such accounts against the defendants, and of which defendants were not aware at the commencing of the suit, or which defendants, if aware of them, have not suffered to go an unreasonable length of time unobjected to, or which defendants show excuse satisfactory to the jury for not objecting to, then the jury are not bound by such accounts, but may correct such mistakes and errors as the evidence shall warrant."

Other questions were presented, but the foregoiug statement will explain the opinion rendered.

*C. H. Hanford* and *McNaught, Ferry, McNaught & Mitchell,* for Plaintiffs in error.

An account for goods, wares and merchandise sold and delivered constitutes one cause of action, and each distinct payment of money constitutes another and distinct cause of action, and must be separately stated, and the motion to strike the complaint should have been granted. (See Code of Washington Territory, Secs. 102 and 111; 1 Estee's Pleadings, 2d ed., p. 172, par. 29, 30; 1 Estee's Pleadings, 2d ed., p. 394, par. 7; 1 Estee's Pleadings, 2d ed., p. 395, par. 10; Bliss on Code Pleading, Sec. 118; *Buckingham* v. *Waters,* 14 California, 145; *Watson* v. *S. F. & H. B. R. R. Co.,* 41 Cal. 17; *Secor* v. *Sturgis,* 16 New York, 548; *Danser* v. *Boyle,* 16 New Jersey Law, 395; *Wilson* v. *Wilson,* 6 New Jersey Law, 95; *Maine* v. *Harper,* 4 Allen, 115; 1 Wait's Actions and Defenses, 189, Secs. 1 and 2.)

Notice of the time and place of taking the depositions should have been given; and that it should appear affirmatively by the record that the depositions were sealed up by the Commissioner, and transmitted properly to the Clerk. (See Code of W. T., Secs. 411, 412, 413, 414, and 417.)

An account stated is but a mere admission of the parties, and *prima facie* evidence only of its correctness, and that its only effect is to cast the *onus probandi* upon the party disputing it, and that the parties are never concluded by it, but may always

show fraud, mistake, or error, except in cases where the cir-
cumstances are such as to create an *estoppel in pais.* (1 Story's
Equity Jurisprudence, Sec. 528; *Perkins* v. *Hart,* 11 Wheaton,
256; *Wiggins* v. *Burkham,* 10 Wallace, 131; *Oil Company* v.
*Van Etta,* 107 U. S. 332; *Board of Supervisors* v. *Jones,* 91
Wis. 54; *Lockwood* v. *Thorne,* 18 New York, 285; *Young* v.
*Hill et al.,* 67 New York, 162; 1 Estee's Pleadings, p. 285, Sec.
17; 1 Wait's Actions and Defenses, 195; Abbott's Trial Evi-
dence, 461, 462, par. 9; *Bainbridge* v. *Wilcocks,* Baldwin's Re-
ports, 540; *Life Insurance Company* v. *Carpenter,* 49 New
York, 631; *Guernsey* v. *Rexford,* 63 N. Y. 631; Bouvier's
Law Dictionary, "Account Stated.")

Evidence of a stated account, including the items sued on in
an action in which such stated account is not pleaded, is imma-
terial, except as tending to prove the items, on the same basis
as evidence of an admission of the same facts in another form
would be admissable. (See *Packet Co.* v. *Platt,* 22 Minn. 413.)

We maintain that in the absence of a special contract, interest
is not recoverable upon an open account. (See 4th Wait's Ac-
tions and Defenses, 128, Sec. 2; Ib., 130, Sec. 4; *Brewer* v.
*Tyringham,* 12 Pickering, 547; *Brady* v. *Wilcoxen,* 44 Cal.
239; *Marsh* v. *Fraser,* 37 Wis. 149; *Raymond* v. *Williams.*
40 Iowa, 217.)

*Struve, Haines & McMicken,* for Defendants in error.

All the items of the account sued upon had their origin in
one contract, and therefore constituted but one cause of action.
The bills of exchange are to be considered simply as written
requests of the plaintiffs in error for the advances charged in
the account. (Bliss on Code Pleading, Sec. 118; *Secor* v.
*Sturgis,* 16 New York, 558; Estee's Pleadings, second edition,
283, 284, Secs. 7 and 12, and cases cited.)

Both the Commissioner taking the depositions and the Clerk
of the Court are officers of the Court, and presumed to act law-
fully. (Weeks on Depositions, Sec. 290; *Jones* v. *Company,*
3 Sawyer, 523; Cowen and Hill's Notes to Phillips' Evidence,
first edition, 296, 297.)

The motion to suppress the depositions does not point out the
alleged defect in their transmission, and therefore was properly

overruled. (Weeks on Depositions, Sec. 378, note 5; *Murray*
v. *Phillips*, 59 Indiana, 56.)

The statute requires notices to be given of the time and place
of the examination. (Code of Washington, Secs. 411, 413;
*Walker* v. *Barron*, 4 Minn. 253; *Farrow* v. *Company*, 18 Pick-
ering, 56; *Cunningham* v. *Otis*, 1 Gallison, 166.)

All the notice required is of the filing of the interrogatories
sued out with the commission, so that cross-interrogatories may
be filed if the adverse party see fit. If none are filed, no notice
of the time or place of the execution of the commission need be
given. (Weeks on Depositions, Sec. 241; *Parker* v. *Sedgwick*,
5 Md. 281; *Lard* v. *Scott*, 5 Harris and Johnson, 428; *Calvert*
v. *Coxe*, 4 Gill. 95.)

The Commissioner is the agent of the Court, not of the par-
ties. (Weeks on Depositions, Sec. 290.)

The action of the Court in refusing to suppress the deposi-
tions was discretionary, and cannot be reviewed on error.
(Weeks on Depositions, Secs. 370, 382; *Burral* v. *Andrews*
16 Pickering, 551; *Cullum* v. *Smith*, 6 Ala. 625; *United States*
v. *Ring*, 4 Federal Reporter, 714.)

The allegations in the complaint in regard to the money
advances are substantially the same as those in the *indebitatus*
count at common law, and under such allegations the bills of
exchange were competent evidence. (2 Greenleaf on Evidence,
10th ed., Sec. 112; Bagley on Bills, 390, 393, and notes; *Young*
v. *Adams*, 5 Mass. 189; *Pierce* v. *Crafter*, 12 Johnson, 90;
*Mitchell* v. *McCabe et al.*, 10 Ohio, 412; *Olcott* v. *Rathbone*,
5 Wend. 495; *Frazer* v. *Carpenter*, 2 McLean, 235.)

All parts of the charge of the Court must be considered
together, in the same connected way in which it was given,
upon the presumption that the jury did not overlook any por-
tion, but gave due weight to it, as a whole. (Thompson's
Charging the Jury, Sec. 131; *Smith* v. *Carr*, 16 Conn. 450;
*Clark* v. *McElvy*, 11 Cal. 154; *Carrington* v. *P. M. S. S. Co.*
1 Cal. 475; Hayne on New Trial and Appeal, Sec. 131, p. 370;
*People* v. *Cleveland*, 49 Cal. 580; *People* v. *Dennis*, 39 Cal.
636; *Livermore* v. *Stine*, 43 Cal. 278; *People* v. *Nelson*, 56
Cal. 81.)

Even if a single instruction is found which states the law in-

correctly, and which is qualified by others in such a manner that the jury were probably not misled by it, it will not be ground for a reversal of the judgment. (*Springdale Cemetery Association* v. *Smith*, 24 Ill. 480 ; *Toledo etc. R. R. Co.* v. *Ingraham*, 77 Ill. 304; *Sword* v. *Keith*, 31 Mich. 248; *Blake* v. *Irish*, 21 Me. 450 ; *Lyman* v. *Redman*, 23 Me. 289 ; *Casco Bank* v. *Keene*, 53 Me. 103 ; *Smith* v. *Carr*, 16 Conn. 450.)

The plaintiffs in error, by their failure to object to the accounts rendered, became bound by them as accounts stated. No express promise to pay was necessary to make them such. (Wait's Actions and Defenses, Vol. 1, p. 194; Story's Equity Jurisprudenee, Sec. 526 ; *Freeland* v. *Heron*, 7 Cranch, 147 ; *Terry* v. *Sickles*, 13 Cal. 427 ; *White* v. *Hampton*, 10 Ia. 238 ; *Langdon* v. *Roane*, 6 Ala. 518 ; *Murray* v. *Toland*, 3 Johnson's Chancery, 569 ; *Stebbins* v. *Niles*, 25 Miss. 267 ; *Phillips* v. *Belden*, 2 Edw. Chancery, 1 ; *Baker* v. *Biddle*, Baldwin, 418 ; *Freeman* v. *Howell*, 50 Am. Dec. 551 ; *Day* v. *Kayton*, 119 Mass. 575 ; *Clair* v. *Clair*, 10 Neb. 57.)

A stated or settled account will not be opened on account of any errors or mistakes, which were known to the party seeking relief at the time such account was stated or settled. (*Hager* v. *Thompson et al.*, 1 Black. 93 ; *Leaycroft* v. *Dempsey*, 15 Wend. 83 ; *Langdon* v. *Roan's Adm'r*, 6 Ala. 518 ; 41 Am. Dec. 60 ; Daniels' Chancery Practice, 4th ed. 666 ; *Willis* v. *Jerney*, 2 Atkyns, 252; *Wilcox* v. *Phillips' Executors*, 1 Wall. Jr. 67 ; *Union Bank* v. *Knapp*, 3 Pick. 96 ; *Murray* v. *Toland*, 3 Johnson's Chancery, 575.)

" The party must show clearly that he has been imposed upon, before the Court will permit him to unravel an account to which he has before submitted." (*Leaycroft* v. *Dempsey*, 15 Wend. 83 ; *Chappedelaine* v. *Decherdaux*, 4 Cranch, 306.)

The defendants in error by the conduct of the plaintiffs in error were led to believe that the manner in which their business had been transacted by them was completely satisfactory to the plaintiffs in error ; and relying upon that fact, continued making advances and disbursements, at their request, until the indebtedness reached such proportions that they were obliged to insist upon payment.

Having kept silent when in equity and good conscience they should have spoken, they cannot speak now to the prejudice of the defendants in error. (Bigelow on Estoppel, pp. 452 to 461 inclusive, and cases cited; *Bainbridge Co.* v. *Wilcocks*, 1 Baldwin, 536, 540, 541; *Heffner* v. *Dawson*, 63 Ill. 403; *Seymour et al.* v. *Marvin et al.*, 11 Barb. 80; *Avery* v. *Leach*, 9 Hun. N. Y. 106; *Marye* v. *Strouse*, 6 Saw. 204; Wait's Actions and Defenses, Vol. 6, p. 705; *Preston* v. *Am. Linen Co.*, 119 Mass. 404; *Swains* v. *Seamens*, 9 Wallace, 274; *Brewster* v. *Baxter, infra.*)

It is not necessary, in order to constitute an equitable estoppel, that a party should design to mislead. It is enough if his acts were calculated to mislead, and actually have misled another acting upon them in good faith, and exercising reasonable care and diligence under the circumstances. (*Manufacturers' and Traders' Bank* v. *Hazard*, 30 N. Y. 230; *Brown* v. *Brown*, 30 N. Y. 541; *Beebe* v. *Wilkinson*, 30 Minn. 548; *Continental Bank* v. *Bank of Commonwealth*, 50 N. Y. 575.)

Of the instructions excepted to by the plaintiffs in error, the first contains three and the second two distinct propositions of law. The plaintiffs in error, at the time of taking their exception to the charge, did not indicate the particular proposition to which they excepted. Some of these propostions are conceded to be sound. Their exceptions, therefore, cannot be noticed by this Court. (Code of Washington, Sec. 221, subdivision 6; *Beaver* v. *Taylor et al.*, 93 U. S. 54; *Western Insurance Co.* v. *Tobin et al.*, 32 Ohio State, 77; *Railroad Company* v. *Varnell*, 98 U. S. 484, 485; *Hicks* v. *Colman*, 25 Cal. 146, 147; *Chamberlain* v. *Pratt*, 33 N. Y. 52; *Walsh* v. *Kelly*, 40 N. Y. 558, 559; *Ayrault* v. *Pacific Bank*, 47 N. Y. 570.)

The motion for a new trial and assignments of error are equally defective and indefinite, and should be also disregarded. (Code of Washington, Sec. 488; Hilliard on New Trials, p. 18.)

Interest at the rate of five per cent. per annum is charged up to the 10th of November, 1881. The plaintiffs in error were bound to pay it, both by virtue of the original agreement, and by having assented to charges of interest at that rate in the statement of account rendered. (Wait's Actions and Defenses, Vol. 4, pp. 129, 130; *Bainbridge* v. *Wilcocks*, Baldwin, 536;

*Seymour* v. *Marvin*, 11 Barb. 80 ; *Marye* v. *Strouse*, 6 Sawyer, 204.)

The dealings between the parties having ceased on the 31st of December, 1880, and the defendants in error having, on the 10th day of November, 1881, denied all liability, and refused to pay any of the balance claimed by defendants in error, they were not under further obligations to limit their claim to less than the legal rate of interest, and can therefore recover interest at the rate of 10 per cent. from that time, which is all they were allowed by the jury.   (Code of Washington, Sec. 2368 ; *Lawrence* v. *Trustees et al.*, 2 Denio, 677.)

Opinion by TURNER, Associate Justice.

This case comes to this Court on writ of error to the District Court for the Third District, holding terms at Seattle in King County.

Numerous exceptions were taken to the rulings of the Court below, which exceptions were preserved in the record.

We need to examine and discuss in this opinion but two of the questions raised by said exceptions, it being the opinion of the Court, after careful consideration, that no error appears in the record, unless it be in connection with the ruling of the Court upon said questions.

The action in the Court below was commenced by the defendants in error, who are commission merchants doing business in Liverpool, England, to recover the sum of $7480.05 with interest, upon the balance of an account current for goods, wares, and merchandise sold and delivered by them to the plaintiffs in error, who are merchants doing business in Seattle, W. T., and for money advanced by them to and for the use of said plaintiffs in error.

The jury rendered a verdict for the full amount claimed by the defendants in error.   This account between the parties had run over a period of several years, and it was not disputed that the defendants in error had, from time to time, rendered statements of account to the plaintiffs in error, to which statements the plaintiffs in error had not objected.   Mr. Baxter, one of the plaintiffs in error, in his testimony claimed that objections to the accounts rendered had been deferred from time to time, in

the expectation that he would soon visit England, when he intended to draw the attention of the defendants in error to said objections; but that he was delayed by unexpected occurrences in the years 1878 and '79, and as the dealings between his firm and the defendants in error ceased in the year 1880, the expected opportunity to make verbal objection did not occur.

On the trial below, the plaintiffs in error attacked the correctness of the statement of account rendered by defendants in error to them, and introduced testimony to prove the nature of the parol contract under which the account was made, for the purpose of showing that certain classes of items in the accounts were not allowed or provided for by said contract.

Plaintiffs in error also introduced testimony going to show that defendants in error had not dealt fairly with them, in the sale of large consignments of hops which they had shipped to defendants in error for sale in England. This testimony tended to establish the fact that the hops, when shipped from this country, were of prime quality and in good condition; while the defendants in error, in the letters acknowledging the receipt from time to time of such consignments, reported the hops to be of an inferior quality, and in a damaged condition; and in the accounts of sales furnished by them to the plaintiffs in error, reported such hops as sold at greatly reduced prices.

The plaintiffs in error, upon this branch of the case, introduced testimony showing that it was the custom of merchants in Liverpool, when consignments of hops were received from abroad, to cause such consignments to be examined by a committee of experts, whose duty it was to report upon the condition of the hops, and to seal up for transmission to the consignors samples taken by them from each bale. This course of action was not pursued by the defendants in error with reference to the consignments sent to them by the plaintiffs in error, nor did they attempt, so far as the evidence disclosed, to fix responsibility for the damaged condition of the hops upon any of the common carriers over whose lines the hops were transported while in transit to Liverpool.

The foregoing seems to be a sufficient statement of the facts of the case, to enable one to understand the force and effect of that part of the charge of the Court below which it is claimed

is error. The alleged error is found in instructions numbered XVIII and XIX. In the first of said instructions, the Court charged the jury that if they "believed the plaintiffs from time to time sent to the defendants statements of the accounts between them, which were received by defendants, and that they did not, within a reasonable time, object to said statements, and notify the plaintiffs of said objections, then, as a matter of law, the jury should regard the defendants as admitting that the accounts were correctly stated; and the defendants will be bound by them, unless the defendants have shown by a preponderance of evidence that there was some error or mistake in the accounts as rendered to them, of which they were not informed at the time they so consented to them, or unless defendants have shown by a preponderance of evidence some excuse satisfactory to the jury for not objecting.

In the nineteen instructions, the Court charged the jury in effect that the plaintiffs in error would not be liable for errors or mistakes, fraudulent or otherwise, in the account against themselves, of which they were not aware at the time of the bringing of the suit.

Does knowledge of fraud or error in an account by the party to whom such account has been presented, which account has become a stated account by the mere failure of the party receiving it to object within a reasonable time, prevent such party from afterwards setting up the fraud or error as a defense to an action on the account?

The charge of the Court below answered this question in the affirmative, and we think that in so doing the Court erred. Mr. Abbott, in his work on Trial Evidence, p. 458, Sec. 1, says: "An account stated is not now regarded as a contract upon a new consideration, and does not create an estoppel, but it establishes *prima facie* the accuracy of the items without further proof. The statement is not the equivalent of an express promise to pay the balance, when the items do not constitute a legal debt or duty."

It is believed that this is a correct statement of the law, applied to an account which has become a stated account by the silence of the party to whom it was rendered, however it may be as to an account which has been balanced with the express

assent of both parties. Silence as to an open account rendered does not and ought not to extend liability in such an account beyond what is justly due. To hold otherwise would be to eliminate from the contract sued on, one of the essentials of all contracts, namely, the existence of a good consideration. The law imposes a penalty for the silence, however, which is that the burden of proof is shifted from the party whose interest it is to establish the account, and the account will stand in its entirety, unless the other party, by affirmative proof, can impeach it. The penalty is not the creation by the law of an entirely new contract between the parties, but the shifting from one party to the other of the burden of proof. To this effect see 2 Estee's Pleadings, 285, Sec. 7 ; 1 Wait's Actions and Defenses, 195 ; 1 Story's Equity Jurisprudence, Sec. 528 ; *Bainbridge* v. *Wilcox*, Baldwin's Reports, 540 ; *Life Ins. Co.* v. *Carpenter*, 49 New York, 668 ; *Guernsey* v. *Rexford*, 63 New York, 631 ; *Perkins* v. *Hart*, 11 Wheaton, 256 ; *Wiggins* v. *Burkham*, 10 Wall. 131 ; *Oil Co.* v. *Van Etta*, 107 W. S. 332 ; *Board of Supervisors* v. *Jones*, 91 Wis. marginal, 54 ; *Lockwood* v. *Thome*, 18 New York, 285 ; *Young* v. *Hill et al.* 67 New York, 102 ; *Freeland* v. *Hern et al.*, Cranch, 147.

Counsel for defendants in error cited a large number of authorities in opposition to the view here taken. Such of them as were read upon the argument at bar, or which the Court has had the opportunity to examine since, were cases of settled accounts, or stated accounts expressly assented to and containing mutual concessions, or cases in which the doctrine of estoppel was held to apply. We will now inquire if the doctrine of estoppel can help out the case at bar. To create an estoppel in favor of a stated account, several things must concur besides knowledge at the time the account was rendered on the part of the person defending, of the truth of the matters which he is trying to set up; the most important being want of knowledge of the truth on the part of the person claiming the estoppel, and action on his part to his prejudice induced by the silence of the other party. An illustration of the doctrine may be drawn from this case. The defendants in error, in most if not all the accounts current rendered by them, charged the plaintiffs in error with sums paid to other merchants and brokers in Liv-

erpool for commission, in excess of their own commission, on
sales of merchandise consigned to them by plaintiffs in error.
It seems to have been conceded that the original contract be-
tween the parties did not provide for or allow the payment of
such extra commissions; yet the defendants in error, having
paid them, doubtless, in the belief that they were justified by
the contract, and the plaintiffs in error having failed to object,
and thus induced the defendants in error to continue in that
course of dealing, and to pay out considerable sums of money,
it would be manifestly inequitable now to allow the plaintiffs
in error to say, " These items in the account are not justified by
the original contract."

It will be seen, however, that the doctrine mentioned does
not aid the exposition of the law given to the jury by the
learned Judge in the Court below.

The effect of the charges complained of was, to say to the
jury, " The defendants are estopped by their mere silence from
denying the correctness of all items in the account, as to the
incorrectness of which they had knowledge, regardless of the
effect such silence may have had upon the plaintiffs.  The es-
toppel, too, was applied to all the items of the account, includ-
ing those which it was claimed were fraudulent.  It is appre-
hended that as to items of such a character no estoppel would
be declared, even if the party rendering the account had been
induced by the silence of the other party to continue that or
some other course of dealing.  It follows from those views that
the 18th instruction, which directed the jury to disregard the
errors and mistakes in the accounts, if any existed, unless the
plaintiffs in error should first establish a want of knowledge on
their part as to such errors and mistakes at the time the ac-
count was rendered to them, was an erroneous exposition of the
law.  The 19th instruction was more injurious to the plaintiffs
in error, in our view, than the 18th.  It extended the time
within which knowledge of errors would debar them from de-
fending, from the date of the rendition of the account to the
date of the filing of the suit.  If the jury accepted it as a rule
of action, they could not have given the plaintiffs in error the
benefit of mistakes, errors or frauds, of which they were igno-
rant at the time of the rendition of the account, and for a reas-

onable time thereafter, but of which they became informed before suit was brought.

Plaintiffs in error were entitled to show fraud, error, or mistake which had come to their knowledge after the account became a stated account, whether the knowledge came to them before or after suit was brought.

It was contended by the counsel for defendants in error, that the error of the Court below, if error it was found to be, did not, in fact, prejudice the plaintiffs in error; because the great preponderance of evidence in the case went to establish, as to all of the account, each and every of the facts necessary to create an estoppel. We would have no difficulty in so finding as to the item of commission paid to other brokers, to which we have before adverted, and, perhaps, as to other items; but as to the conduct of defendants in error concerning the sales of hops, if the same were fraudulent, the plaintiffs in error cannot be estopped by mere silence. It is not the purpose of the Court to intimate that the conduct of the defendants in error in the sales of hops was other than upright and honorable; but there is certainly a preponderance of evidence in favor of the claim that the hops, before shipment, were prime hops in good condition, and it was not disputed that the defendants in error had failed to follow the custom of merchants in Liverpool in respect to the inspection of said hops, or in respect to the custom which a conscientious performance of duty would impose on all consignees of goods, to attempt to fix liability somewhere for damage done to the goods while in transit. The plaintiffs in error were entitled to have the question of the effect of the evidence submitted to the jury in support of their claim, that defendant in error had not dealt properly by them in the matter of the consignments of hops. (*Oil Co.* v. *Van Etta*, 107 U. S. 332.)

We cannot say what view the jury would have taken in that case. It is possible that their verdict would not have been at all different, especially (and we may say this to guard against the implication that we have meant to express any opinion as to the merits of this case), as there were other facts not mentioned herein, because not considered necessary for the purpose of this opinion, which went to show the good faith of the defendants in error. To ask this Court to go further, and laboriously inform

itself of all the facts possessed by the jury, and by the same processes that a jury would employ to determine this case according to the right of the matter, is to impose burdens which its limited time forbids it to assume, to say nothing of the imperfectness of such a Court, by its constitution, for such a task.

It was further contended by counsel, that the law in respect to the matters of defense mentioned in Instructions XVIII. and XIX. was given to the jury correctly in other portions of the charge of the Court, and that the error was thus obviated. It is true, as stated by counsel, that the law was correctly given to the jury by the Court in a series of instructions, numbered from VIII. to XIV. inclusive. These instructions were general, however.

It might well be that the jury thought said instructions qualified and limited by charges XVIII. and XIX. Such was the effect of the latter charges, and such was evidently the intention of the Court in giving them. Under these circumstances, we think the following a correct statement of the rule by which this Court should be guided:

"The giving of inconsistent instructions is error, for the reason that the jury will be as likely to follow the one as the other. Therefore, an erroneous instruction is not cured by another instruction on the same subject, which is correct, unless the former is by the latter specifically withdrawn."

And this is especially true of a correct general instruction, coupled with an erroneous specific instruction. The latter is obviously not cured by the former. (Thompson's Charging the Jury, Sec. 69.) The remaining question in this case is raised by the action of the jury in rendering a verdict against plaintiffs in error for the full amount of the balance claimed against them, with interest thereon from November 10, 1881, at the rate of ten per cent. per annum. The defendants in error were entitled to recover only on the case which they had made. Interest is not recoverable on an open account, unless stipulated for by contract. The contract in this case provides for interest at the rate of five per cent. per annum only. It follows that the Court below should have granted the plaintiffs in error a new trial upon the motion, unless the defendants in error had remitted the excess of interest above five per cent. recovered by them.

The judgment of the Court below is reversed, and the case remanded to said Court, with instructions to proceed in conformity with this opinion

We concur.    JOHN P. HOYT,
                    S. C. WINGARD, Associate Justices.