[No. 8503.  Department One.  April 29, 1910.]

R. W. SHAW, *Appellant*, v. ROSA LOBE, *as Executrix etc.,*
*Respondent.*[1]

ACCOUNT STATED—ASSENT—EVIDENCE—SUFFICIENCY.  The evidence
is insufficient to show an account stated between partners, where it
appears that, on dissolution of the firm, the partner who kept the
books made out a statement showing a certain balance due in his
favor, that the same was delivered to the other partner, and found
among his effects upon his death, and that he had the same checked
over by the new bookkeeper and disputed certain items; since no
assent or definite acknowledgment of the debt was shown.

WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEASED.  In an
action against an estate by a former partner of the deceased, plaintiff
is disqualified from testifying as to any transactions had with the
deceased.

PARTNERSHIP—ACCOUNTING—EVIDENCE—SUFFICIENCY.  The books
of a partnership are insufficient to show a balance due one partner,
where unexplained they are so far incomplete as to fail to show the
terms of the partnership or its status at the time of the dissolution,
and there is no competent evidence to explain them.

APPEAL—REVIEW—EVIDENCE—HARMLESS ERROR.  It is harmless
error to refuse to admit evidence where, regardless of the evidence
offered, there was not sufficient testimony to support a finding for
the appellant.

Appeal from a judgment of the superior court for King
county, Main, J., entered May 17, 1909, upon findings in
favor of the defendant, after a trial on the merits before the
court without a jury, in an action on an account.  Affirmed.

*G. Ward Kemp*, for appellant.

*Richard Saxe Jones*, for respondent.

FULLERTON, J.—The appellant, as the assignee of one
Lee D. Gilmer, brought this action against the respondent to
recover a balance claimed to be due on an account stated be-
tween Gilmer and E. Lobe, the devisor of the respondent.  The

[1]Reported in 108 Pac. 450.

complaint carried a prayer in the alternative for a partner-
ship accounting in case the court should fail to find the ex-
istence of an account stated.  After issue had been joined a
trial was had before the court without a jury, which resulted
in a judgment in favor of the respondent.  This appeal is
taken therefrom.

Two principal questions are presented, the first of which is
that the court erred in failing to find an account stated be-
tween Gilmer and Lobe.  The record discloses that these
persons were partners from December 1901 until March 1905,
engaged in the insurance, real estate, mining, and loan busi-
ness, and the business of selling oil on commissions.  They
were not equal partners.  Gilmer by writing, executed June
24, 1902, expressly waived any interest in the real estate and
mining business done by the firm, and it seems to have been
orally understood that the commissions received from the
insurance business was to be divided on a basis of two-thirds
and one-third, the larger proportion to go to the partner at
whose solicitation the insurance was procured.  The active
work of the partnership was done by Lobe, while Gilmer did
the office work and kept the books.  The firm, as a firm, had
no joint bank account.  All money received belonging to the
firm was turned over to Lobe, who deposited it in his own
name and drew checks thereon from time to time as the ex-
igencies of the business required.

On the dissolution of the partnership, Gilmer made out a
statement from the books by which he showed a balance in
his favor of some $2,986.51.  The statement contained an
account of the receipts of the firm during the time of the
partnership from the various businesses in which it was en-
gaged, the proportionate share thereof claimed by Gilmer,
and the balance after deducting certain losses of the firm,
and the sums withdrawn by Gilmer on his personal account.
No deduction was made for rents or operating expenses,
although the books show that the latter amounted to a con-
siderable sum.  This statement was delivered to Lobe, who

afterwards paid Gilmer in installments the sum of $1,150, the last payment being made on May 26, 1906. After the statement was received by Lobe, he had it checked over by the bookkeeper who succeeded Gilmer, and that person testifies that he disputed a number of the items going to make up the account. The statement was found after Lobe's death among his effects, and it is this statement that the appellant contends constituted an account stated between Gilmer and Lobe, but manifestly the evidence was insufficient to make it such. To impart to an account the character of an account stated it must be mutually agreed between the parties that the balance struck thereon is the correct amount due from the one party to the other on the final adjustment of their mutual dealings to which the account relates. The mere rendition of an account by one party to another does not show an account stated. There must be some form of assent to the account, that is, a definite acknowledgment of an indebtedness in a certain sum. 1 Enc. L. & P. 688-693. True, assent may be implied from the circumstances and acts of the parties, but it must appear in some form. We are unable to find that there was such an agreement shown by the record here.

On the question whether the evidence shows a balance in the appellant's favor, disregarding the account stated, the record is not so satisfactory, still we think it justifies the conclusion of the trial court. Since Gilmer was a party in interest he was disqualified from testifying (Rem. & Bal. Code, § 1211), and the only evidence pertinent to the inquiry was the books of the partnership. These the court found were kept by Gilmer, and were so far incomplete as to fail in themselves to show the terms of the partnership or its status at the time of its dissolution, particularly whether or not there was a balance owing at that time from the deceased partner to Gilmer. Our own investigation of the books convinces us that no different conclusion could be reached without at least much explanation on the part of some one who was familiar with the partnership business. The record, however, fails to dis-

close any one having the requisite information to make this explanation other than the surviving partner, and since he is disqualified from testifying, the case must fail for want of proofs.

The appellant complains that the court erred in excluding certain testimony offered by him in the course of the trial, particularly in excluding the statement on which he based his claim of an account stated, and testimony of an expert who had examined the books and stated that he could testify as to certain balances shown by them. But while we think the court could have properly admitted the testimony, its refusal to do so was not error requiring reversal. The statement tended to support the appellant's allegation of an account stated, but with it in the record we still think the evidence insufficient to establish the fact. The evidence of the expert could but show what appeared in the books. This would not help the appellant's case. It is what the books fail to show that makes it impossible to determine the status of the partnership, and this could not be supplied by the testimony of the witness. While his evidence might have saved us some labor, we are unable to see how it could change the result.

The judgment appealed from will stand affirmed.

RUDKIN, C. J., CHADWICK, and GOSE, JJ., concur.