[No. 12005.  *En Banc.*  February 17, 1915.]

# J. W. MERRITT et al., *Respondents*, v. ALLEN MEISENHEIMER, *Appellant.*[1]

ACCOUNT STATED—PLEADING—COMPLAINT.  A plaintiff who elects
to base his action upon an account stated must allege that the ac-
count was in fact agreed to, and it is not sufficient to allege merely
collateral facts from which the ultimate fact may or may not follow.

APPEAL AND ERROR—REVIEW—AMENDMENT OF PLEADINGS.  The rule
that the sufficiency of a complaint, curable by amendment, will not
be inquired into on appeal is inapplicable where the trial court
granted judgment on the pleadings on the ground that the answer
presented no issue, when the basic error was that the complaint it-
self set forth no issuable fact.

ACCOUNT STATED — RENDITION OF ACCOUNT — ASSENT — PRESUMP-
TIONS—BURDEN OF PROOF.  The mere rendition of an account by one
party to another, although time may elapse without objection inter-
posed, will not make it an account stated, when there is no other
element of agreement thereto than merely the lapse of time, and no
circumstances creating an estoppel; since reception of the account
without objection operated only to shift the burden of proof to the
debtor, and any presumption of assent on his part is rebuttable.

SAME—ESTOPPEL TO DISPUTE.  Failure to dispute an account ren-
dered during a period of nearly one year after the reception of the
first statement would not work an estoppel, where the parties gave
up nothing nor changed their legal position in any way by render-
ing their account.

SAME — FAILURE TO OBJECT — REASONABLE TIME.— QUESTION FOR
JURY.  The trial court is not warranted in discharging the jury and
holding that an account rendered is an account stated as a matter of
law, because the debtor did not object within what the court deemed
a reasonable time; but the presumption arising against the debtor
from lapse of time must be measured with reference to the business
capacity of the parties, their relative situation, dealings, intelligence,
and all other circumstances; thus presenting a question for the jury
as to whether such time elapsed, without excuse for delay, as to raise
a presumption of assent constituting a binding promise to pay the
account as stated.

SAME—OPPORTUNITY TO CHALLENGE ACCOUNT—EFFECT.  The fact
that the debtor and his creditors frequently met at lunch and in lodge
meetings without the subject of the account rendered being broached

[1]Reported in 146 Pac. 370.

by the debtor would not be sufficient to establish his assent thereto, but would be no more than one circumstance to be considered in arriving at a conclusion.

MOUNT, J., dissents.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered February 21, 1914, in favor of the plaintiffs upon the pleadings, after withdrawing the case from the jury, in an action upon an account. Reversed.

*Zent, Powell & Redfield,* for appellant.

*Graves, Kizer & Graves* and *Merritt, Oswald & Merritt,* for respondents.

CHADWICK, J.—This purports to be an action upon a stated account. The plaintiffs are copartners engaged in the practice of law at the city of Spokane, and the defendant is a resident of Spokane county. The complaint avers that, prior to the first day of December, 1912, the defendant became indebted to the plaintiffs for services performed and moneys paid out and expended in his behalf; that an open running account was kept between the plaintiffs and the defendant; that on the date last mentioned, the plaintiffs prepared and mailed to the defendant a full and complete itemized statement of such account; that this statement was received by the defendant in due course of mail; that a like statement was mailed to the defendant on the first day of August, 1913, and again on the first day of October, 1913, copies of which several statements are attached to the complaint as exhibits; that from the time of the receipt of such statements, the defendant made no objection thereto, but acquiesced therein until payment was demanded on the 18th day of November, 1913, when the defendant objected to the amount claimed and refused to pay the same. A demurrer was interposed to the complaint, but the demurrer was overruled, and an exception allowed. The defendant then answered over. The original answer was superseded by an

amended answer during the trial, to which brief reference will be made in the course of the opinion. The case came on for trial before a jury. The plaintiffs offered evidence tending to show the rendition of the account as alleged and the failure of the defendant to object thereto, although the several plaintiffs had repeatedly met and conversed with the defendant since the rendition of the account. At the close of the plaintiffs' testimony, the defendant challenged its legal sufficiency and moved for a judgment in his favor. It was then agreed that the entire law applicable to the case should be discussed by counsel and settled by the court before further proceeding. At the close of the argument, the court ruled, in substance, that the account rendered by the plaintiffs became an account stated by reason of the failure of the defendant to object thereto within a reasonable time; that such an account could only be impeached for fraud or mistake, and that the original answer was insufficient to raise either of these defenses. An amended answer was thereupon filed by leave of court, which denied that the defendant agreed to the statement as rendered or acquiesced therein, set forth twenty-two errors in the account, and interposed affirmative defenses to several of the principal items. The plaintiffs confessed a number of the errors thus pointed out in the answer, and the court again ruled that the amended answer was insufficient to impeach the correctness of the account in other respects. Whereupon the jury was discharged and a judgment rendered against the defendant for the full amount claimed, less the several items confessed by the plaintiffs. From this judgment, the defendant has appealed.

The judgment of the court below is erroneous for two reasons; first, because the complaint does not state facts sufficient to constitute a cause of action, and, second, because the amended answer sufficiently challenged the correctness of numerous items in the account.

An account stated is an agreed balance of accounts, whether that agreement be expressed or implied, and the

party who elects to base his action on an account stated must allege that the account was in fact stated or agreed to. He may not limit himself to a mere statement of collateral facts from which the ultimate fact may or may not follow. As said by the court in *Emery v. Pease*, 20 N. Y. 62,

"The pleader has set forth some matters of evidence having perhaps a slight tendency to prove that the account had been taken and the balance due to the plaintiff ascertained by the parties according to the principles of the agreement between them. But he seems carefully to have avoided the very conclusion of fact which alone would justify a suit for the recovery of an ascertained and admitted balance, to wit, that the parties had stated the account and that the statement thus made showed there was due to the plaintiff the sum which he claimed to recover. The averment that the plaintiff had made a statement and delivered it to the defendant who made no objections to it, does not necessarily establish the required conclusion even if it has a tendency in that direction; and consequently we cannot hold that the fact of an account stated between these parties has been pleaded in any manner or form. We are required, and we are always inclined to give a liberal and benign construction to pleadings, under the present system; but if a party either ignorantly or wilfully will omit the very fact on which his case depends, and will content himself with averring evidence inconclusive in its nature, he must take the consequences of his error if objection be made at the proper time."

See, also, *St. Louis, L. B. B. Co. v. Colorado Nat. Bank*, 8 Colo. 70; *McKenzie v. Poorman Silver Mines of Colorado*, 88 Fed. 111.

Ordinarily we would not inquire into the sufficiency of a complaint after trial where the defect is curable by amendment, but when the court grants a judgment on the pleadings because the answer presents no issue upon a complaint which itself sets forth no issuable fact, the error becomes at once apparent. Furthermore, the answer denied that the defendant agreed to the statement or acquiesced therein, and the complaint charged little beyond this. *McKenzie v. Poorman Silver Mines of Colorado, supra.*

We also think the correctness of several items of the account was sufficiently challenged by the answer. The court below seems to have been of opinion that it was incumbent on the defendant to show fraud or mistake in the settlement or statement of the account, and that it was not sufficient to charge fraud or mistake in the account itself. Such, however, is not the rule. Indeed how could fraud or mistake be shown in the settlement or statement of an account when the parties never met together or discussed the matter in hand? The only effect of the failure of a party to interpose objection to an account rendered is to shift the burden of proof. The mere rendition of a bill for services, although time may elapse, will not in itself make an account an account stated.

"The mere rendition of an account by one party to another does not show an account stated. There must be some form of assent to the account, that is, a definite acknowledgment of an indebtedness in a certain sum." *Shaw v. Lobe,* 58 Wash. 219, 108 Pac. 450, 29 L. R. A. (N. S.) 333.

An account rendered and unobjected to is *prima facie* evidence of the correctness of the account, and if not overcome by other circumstances excusing the omission of the debtor, it may be an account stated.

"The presumption of conclusiveness which attaches to an account stated is one of evidence, and the extent of the application of the foregoing principles cannot be resolved into the statement of an unalterable rule which will cover all cases. Thus mere acquiescence after the rendition of an account may be sufficient to bind one as upon an account stated, and while this species of proof is said to be far from conclusive, though sufficient in the absence of contradictory evidence, yet the question is one merely of evidence, and at most an express admission is but stronger proof of correctness requiring stronger proof of mistake, and payment of the balance ascertained is but stronger proof than these requiring perhaps still stronger proof in rebuttal. In neither case, however, would the parties be precluded from giving evidence to impeach the account in the absence of an intervening estoppel or obligatory agreement, the force of the admission

and the strength of the evidence necessary to overcome it always depending upon the circumstances of each case." 1 Cyc. 456.

"In regard to acquiescence in stated accounts, although it amounts to an admission or presumption of their correctness, it by no means establishes the fact of their having been settled, even though the acquiescence has been for a considerable time. There must be other ingredients in the case to justify the conclusion of a settlement." 1 Story, Equity Jurisprudence (13th ed.), § 528.

See, also, 1 Corpus Juris 692; 1 Cyc. 456; Abbott, Trial Evidence, p. 568; Wharton, Law of Evidence, § 1140; Jones, Evidence, § 287; *Shaw v. Lobe*, 29 L. R. A. (N. S.) p. 348, note. We shall not attempt to assemble or review the authorities. They are "Thick as autumnal leaves . . . in Vallombrosa."

A failure to object to an account rendered does not admit the correctness of the account so as to make it a binding unimpeachable obligation. There may be cases which hold that this is so, but, by better authority—we may say that it is almost universally so held—in the absence of circumstances which would create an estoppel, the reception of the account raises no more than a presumption of assent on the part of the debtor, which may be rebutted. The statement of the law as it is expressed in Abbott's Trial Evidence was indorsed by this court in the case of *Baxter v. Waite*, 2 Wash. Terr. 228, 6 Pac. 429. In that case, the court instructed the jury that the defendants were estopped by their mere silence from denying the correctness of all items in the account, regardless of the effect such silence may have had on the plaintiffs. The court said:

"Mr. Abbott, in his work on Trial Evidence, p. 458, Sec. 1, says: 'An account stated is not now regarded as a contract upon a new consideration, and does not create an estoppel, but it establishes *prima facie* the accuracy of the items without further proof. The statement is not the equivalent of an express promise to pay the balance, when the items do not constitute a legal debt or duty.'

"It is believed that this is a correct statement of the law, applied to an account which has become a stated account by the silence of the party to whom it was rendered, however it may be as to an account which has been balanced with the express assent of both parties. Silence as to an open account rendered does not and ought not to extend liability in such an account beyond what is justly due. To hold otherwise would be to eliminate from the contract sued on, one of the essentials of all contracts, namely, the existence of a good consideration. The law imposes a penalty for the silence, however, which is that the burden of proof is shifted from the party whose interest it is to establish the account, and the account will stand in its entirety unless the other party, by affirmative proof, can impeach it. The penalty is not the creation by the law of an entirely new contract between the parties, but the shifting from one party to the other of the burden of proof. . . .

"To create an estoppel in favor of a stated account, several things must concur besides knowledge at the time the account was rendered on the part of the person defending, of the truth of the matters which he is trying to set up; the most important being want of knowledge of the truth on the part of the person claiming the estoppel, and action on his part to his prejudice induced by the silence of the other party."

A leading case is that of *Lockwood v. Thorn*, 18 N. Y. 285, where the court, in discussing the effect of an account rendered and unobjected to, said:

"But the parties are never precluded from giving evidence to impeach the account, unless the case is brought within the principles of an *estoppel in pais*, or an obligatory agreement between the parties; as, for instance where, upon a settlement, mutual compromises are made."

This court has defined an estoppel on more than one occasion. There can be no estoppel unless there is a direct benefit on the one hand or an injury on the other. *Peck v. Peck*, 76 Wash. 548, 137 Pac. 137. In the case at bar, there was no interchange of goods or services between the parties, neither had there been any negotiations tending toward a

settlement.  Respondents gave up nothing by rendering their account.  Their legal position was in no way changed.  They might have brought suit on the day following.  There are no circumstances suggested in the pleadings or sustained by the proofs which would warrant a court in saying that the account had ripened into an obligation which could not be disputed or denied, except the lapse of time.  This brings us to the controlling question in the case.  Admitting that an account rendered may ripen into an account stated from the mere lapse of time, if the transaction be between merchants or those having mutual accounts, although it is generally conceded that the rule cannot be strictly applied between others, we are brought to what seems to us to be the controlling question in the case, that is, whether the trial judge can hold such an account to be an account stated as a matter of law, or whether the defendant is entitled to have the verdict of a jury.  The court below seems to have turned its judgment on the proposition that the account had become an account stated because appellant did not object within what he conceived to be a reasonable time.  He discharged the jury and entered judgment.

In the following jurisdictions it has been held that what is a reasonable time is a question of law for the court, or, if the facts are not clear, a mixed question of law and fact: United States, Florida, Missouri, and Oregon.  It is a question for the jury in Pennsylvania, Massachusetts, Iowa, Michigan, Illinois, New Hampshire, and Kansas.  See 1 Ency. Evidence, 174, and supplements.  In New York it has been held both ways.  Under the constitution of this state, a jury, when called, is made the trier of the facts, and it is only where a court can say that there is no issue of fact or, from a consideration of all the facts or circumstances, the minds of reasonable men would not differ, that the court will enter a judgment over the heads of the jury.

A court cannot, from the very nature of things, pass on the question of time without measuring it with all the attend-

ant facts and circumstances, for what is a reasonable time is a relative question. Although it was held in the case of *Ault v. Interstate Savings & Loan Assn.*, 15 Wash. 627, 47 Pac. 13, that what is a reasonable time is a question of law if the facts are undisputed, or a mixed question of law and fact if they are disputed; nevertheless the court did not decide that the account had been held for a time that was not unreasonable from the slight circumstance of lapsing time, but did inquire into and measure that time by many facts which the jury had passed upon, and found "from all the proof" that it did not appear "that the account was consented to by the defendant." The case declares one rule and applies another, and is inconsistent with *Baxter v. Waite* and *Shaw v. Lobe, supra.*

In the case at bar, as in all cases, the presumption arising from the lapse of time must be measured with reference to the business capacity of the parties to the action; their relative and local situation; their customary dealings; their business methods; their intelligence or want of intelligence, and all other circumstances attending them in their dealings and in the rendition of the account. See *Shaw v. Lobe*, 29 L. R. A. (N. S.) 349; *Martyn v. Arnold & Co.*, 36 Fla. 446, 18 South. 791.

It is conceded by all of the better text writers and in the better considered cases that no hard and fast rule can be laid down by the court in cases of this kind, and although it is held in some states that what is a reasonable time is a question of law for the court, and in others that it is a question of fact for the jury, we think the rule may be illustrated in the case of *Martyn v. Arnold & Co.*, which is a fair type of its class. It is there said:

"What is a reasonable time within which the person to whom an account is rendered must object or become bound depends upon the relations of the parties and the usual course of business between them. Whether the question of what is a reasonable time within which to make such objections is one of law for the court, or of fact for the jury, the

authorities are in conflict, but it has been settled here that the question of what is a reasonable time is one *of law for the court* to determine in every case, dependent, however, upon the *facts* proved, the latter to be passed upon by the jury. *Gordon v. Estate of Simonton,* 10 Fla. 179; *Bacon v. Green,* 36 Fla. 313, 18 South. 866. In such cases, therefore, it is always proper for the court to instruct the jury as to the law upon the several hypotheses of facts in the premises insisted upon by the parties."

The error in this reasoning, in so far as our law and practice is concerned, lies in this: the jury is told to find certain facts and the court draws therefrom a conclusion. The conclusion is just as much a fact as any other fact in the case. It is the final and controlling fact. Indeed, the court cannot so hold, as a matter of law, without passing upon every other fact and circumstance in the case. It is the law in this state in other cases, and should be in all cases, that the jury shall take account of all the facts in the case and draw its own conclusions. As compared with one set of circumstances, a year may seem to be an unreasonable time. When measured by another set of circumstances, the lapse of time may have no controlling weight at all. It is only where there is an absence of all circumstances except the lapse of time that the court may draw a legal conclusion. Where there are other circumstances, the legal conclusion is not whether a sufficient time has elapsed to create an unimpeachable contract to pay, as upon an account stated, but whether the jury having found that an unreasonable time has elapsed and the circumstances are not sufficient to excuse the delay, the presumption of assent is so strong as to preclude a contrary conclusion. Or in other words, so strong as to make a binding promise.

But it is said that defendant had opportunity to object; that he frequently met one or more of the plaintiffs at lunch time; that they had lunch together and that they also met at lodge meetings. This is but one circumstance to be considered. But if it were all, we would not be inclined to hold,

as a matter of law, that men who are accustomed to meet at a lodge or take lunch together at a club are in duty bound to challenge an account rendered, at such times and at such places, and that if they do not they are forever concluded to thereafter question it. If it were incumbent upon defendant to speak at such times and places, by the same token it was the duty of plaintiffs to remind defendant of the fact that an account had been rendered and had not been paid. It cannot be put forth as an abstract statement of law that men who have mutual dealings and who meet in social and fraternal intercourse are bound to speak under the pain of suffering the penalty of estoppel. We cannot say that there is a legal duty to carry the burdens and distractions of business into the hours of relaxation and refreshment. A man cannot be held to a rule that would hazard his digestion by a self-reminder of his debts and business troubles. There is a place for work and a place for play.

We have said that the complaint does not state a cause of action. If respondents do not care to treat the action as one upon *quantum meruit*, they may amend and try out the issue of account stated.

Reversed and remanded for a new trial.

MORRIS, C. J., PARKER, CROW, MAIN, and ELLIS, JJ., concur.

MOUNT, J. (dissenting)—It seems to me that where repeated statements of an account have been sent to and received by a debtor and no objection made thereto for eleven months, as in this case, the account will be deemed agreed to and become stated in fact and in law. I therefore dissent.