[No. 13520.   Department One.   December 29, 1916.]

UNITED IRON WORKS, *Appellant*, v. RATHSKELLER COMPANY, *Respondent*.[1]

ACCOUNT STATED—RENDITION OF BILL—ASSENT—SILENCE.   Mere silence upon receiving a bill and repeated demands for payment does not of itself constitute an implied agreement as to any sum due as upon an account stated.

SALES—WARRANTIES—BREACH.   Where plaintiff installed a compressor in defendant's refrigerating plant, under express warranties, and upon its proving so defective in operation that the defects could not be remedied, plaintiff furnished a new compressor to take its place, plaintiff did no more than the warranties required, and therefore had no right of action on *quantum meruit* for the value of the new one.

SAME—WARRANTIES—BREACH—WAIVER—USE OF ARTICLE.   The use for some time of a compressor installed in a refrigerating plant under express warranties, does not waive breach of the warranties, where the defects were hidden and not readily discoverable, the seller continued promises and efforts to cure the defects until a new one was furnished, and from time to time gave assurances that the defect was not serious.

[1]Reported in 161 Pac. 1197.

Appeal from a judgment of the superior court for King county, Smith, J., entered December 5, 1914, upon findings in favor of the defendant, dismissing an action on an account stated, tried to the court. Affirmed.

*McCafferty, Robinson & Godfrey*, for appellant.

*Morris & Shipley* and *Paul S. Dubuar*, for respondent.

PARKER, J.—The plaintiff, United Iron Works, seeks recovery from the defendant, The Rathskeller Company, of the sum of $881, claimed as the purchase price and cost of installing a compressor in the refrigerating plant of the defendant. The trial was had in the superior court without a jury, resulting in findings and judgment in favor of the defendant denying the relief prayed for, from which the plaintiff has appealed.

Looking to the allegations of the complaint, the plaintiff's right of recovery appears to be rested alone upon the theory of an account stated, but in subsequent pleadings and upon the trial it appears that plaintiff's right of recovery is rested both upon that theory and *quantum meruit*.

It seems quite plain to us that there was no agreement, express or implied, between the parties constituting an account stated. There is no evidence in the record pointing to such an agreement, other than the rendering of a bill and repeated demands for payment thereof by appellant and refusal to pay the same by respondent, though such refusal consisted, we assume for argument's sake, of its silence. This does not of itself constitute an implied agreement as to any sum due to appellant and, therefore, does not entitle appellant to sue thereon as an account stated. *Merritt v. Meisenheimer*, 84 Wash. 174, 146 Pac. 370; *Blanck v. Pioneer Mining Co.*, 93 Wash. 26, 159 Pac. 1077.

Touching the question of *quantum meruit*, we think the following is a sufficient summary of the facts necessary to be noticed: In the summer of 1911, appellant furnished and

installed for respondent certain machinery, including a compressor, for the equipment of its refrigerating plant. This was to be done in pursuance of a written contract and specifications made a part thereof, entered into in January of that year. The contract price was $2,905, which was to be paid in three installments, the last of which was to be paid sixty days after the completion of the installing of the machinery. The machinery being installed, as respondent was led to believe in accordance with the contract, final payment was made therefor within the time specified in the contract. The contract contained express warranties as to the workmanship, materials and capacity of the machinery, which we deem unnecessary to here notice in detail. The compressor furnished as a part of the machinery proved defective, yet not so much so as to entirely prevent its operation. This fact became known to appellant upon the commencement of the operation of the machinery immediately following its installation. Appellant used some effort from time to time to cure the defects and to cause the compressor to operate properly, which efforts of appellant continued until the summer of 1913. The final payment upon the purchase price made by respondent manifestly was not at the time considered by the parties as an acceptance of the machinery so as to relieve appellant from its obligation under its warranties to remedy defects therein, and repeatedly thereafter appellant assured respondent that the defects were of but minor consequence and would and could be remedied. They were, however, of a serious nature, the principal one of which was inside the cylinder of the compressor and consisted of a defective working part that ultimately resulted in the scoring of the walls of the cylinder so that, finally, in the early summer of 1913, the compressor was, from that cause, practically wrecked. The appellant then furnished and installed for respondent a new compressor in the place of the original one, the reasonable value of which was $881, should it be held that respondent was required to pay for the same. It is the value of this

new compressor that appellant seeks to recover from respondent in this action.

· It seems plain to us, as it did to the trial court, that the furnishing of this new compressor was nothing more than appellant was required to do under the warranties of its original contract, and that therefore respondent was not required to pay for its installation by appellant. The only escape we see for appellant from its obligation to furnish this new compressor would be upon the theory that, by reason of lapse of time and use of the original compressor, respondent had waived its rights as against appellant so far as the warranties of the original contract are concerned. This becomes a question of fact in the light of all the circumstances shown. In view of the hidden defects not readily discoverable by respondent; appellant's continued promises and efforts to cure the same from the time of the original installation up until the time of the furnishing of the new compressor, and appellant's assurance from time to time to respondent that the defect was not of serious consequence, we agree with the findings and conclusions of the trial court touching this branch of the case. We have read the evidence with care and deem it of no profit to review it in detail here.

The judgment is affirmed.

MORRIS, C. J., MAIN, CHADWICK, and ELLIS, JJ., concur.