[No. 21476. Department Two. April 18, 1929.]

JOSEPH H. SAYER, *Appellant,* v. GOFF MACKINNON
*et al., Respondents.*[1]

*Frank S. Griffith, Burkheimer & Burkheimer,* for appellant.

*Herr, Bayley, Croson & Innis,* for respondents.

MAIN, J.—According to the allegations of the complaint, the plaintiff in this case is seeking to recover upon an account stated. The cause came on for trial before the court without a jury. At the conclusion of the plaintiff's evidence, the defendants moved for a dismissal on the ground that no account stated had been proven. This motion was sustained, and a judgment entered dismissing the action, from which the plaintiff has appealed.

[1]Reported in 276 Pac. 880.

The facts are these: Doctors Goff MacKinnon, Ralph L. Sweet and Niles H. Nicholson were associated together as partners and operated the Associated Physicians' Clinic in Seattle. In July, 1923, the appellant became associated with the firm and the compensation for his services was determined by the respondents. The appellant severed his connection with the clinic February 28, 1925. During the time that he was associated with the respondents, he received from time to time statements showing the income and expenses of the clinic. Each month he was paid by check the compensation which the respondents allowed him. During the time that the appellant was connected with the clinic, the respondents made returns of income to the United States government. In these returns under a column headed "salary" is set out the salary which each member of the firm and employee received. In another column there is set out opposite each one of the names another sum under the heading of "balance of net income." It is for the sums set out in this latter column opposite the appellant's name that he seeks to recover. The evidence shows that the items in this column went into what was called the clinic's "educational fund." What the purpose of that fund was does not appear. Neither is there any evidence from which the amount of money in the fund, if any, at the time the appellant severed his connection with the clinic can be determined. The appellant knew nothing about the returns to the Federal government until after he ceased to be associated with the respondents. He received a notice from the Federal government calling his attention to these items, which he now seeks to recover as being set opposite his name on the reports, and paid an income tax thereon. This was after the appellant had ceased his connection with the clinic.

■ If there was an account stated in this case, it was by reason of the reports to the Federal government. The essentials of an account stated are set forth in *Shaw v. Lobe,* 58 Wash. 219, 108 Pac. 450, 29 L. R. A. (N. S.) 333, where it is said:

"To impart to an account the character of an account stated it must be mutually agreed between the parties that the balance struck thereon is the correct amount due from the one party to the other on the final adjustment of their mutual dealings to which the account relates. The mere rendition of an account by one party to another does not show an account stated. There must be some form of assent to the account, that is, a definite acknowledgment of an indebtedness in a certain sum. 1 Enc. L. & P. 688-693. True, assent may be implied from the circumstances and acts of the parties, but it must appear in some form."

While partners may be bound upon an account stated as between themselves, the mere statement of one partner to another during the life of the firm, for the purpose of showing profits or losses, does not amount to such an account, even though assented to by the other partner or partners. In 1 C. J., p. 704, it is said:

"Partners may make a binding statement of accounts as between themselves, which will sustain an action of *assumpsit* by one against the other. This is especially true where there is a mutual statement and settlement of accounts upon the dissolution of a partnership. But where a statement is rendered by one partner to another during the life of the firm merely to show the amount of capital each had contributed, or to show the condition of the firm as to profits or losses, assent thereto will not convert it into an account stated for any other purpose."

The reports in question were made during the time that the appellant was associated with the respondents, and were only for the purpose of showing the in-

come upon which the Federal tax should be paid. Even though the appellant assented to this after he ceased to be associated with the clinic, this would not convert the report into an account stated as between him and the other members of the firm. There can be no recovery in this case upon an account stated.

■ The appellant, however, says that he should have been permitted to have the complaint considered amended to state a cause of action for money due. After the trial court had indicated that it would grant the motion of the respondents to dismiss, the appellant asked the court to consider the complaint amended, and this request was refused. The appellant has renewed his request in this court. The respondents, in reply thereto, say that, if the court considers the complaint amended to state a cause of action for money due, then they desire to interpose the statute of limitations. It would be obviously unjust and unfair to consider the complaint amended at the request of the appellant and at the same time deny to the respondents the right to interpose the defense of a statute of limitations, since they had no prior opportunity to present such a defense.

■ If the complaint should be considered amended, it would not avail the appellant anything. The evidence shows that in February, 1925, before the appellant left the clinic, he made a demand for the portion of the educational fund which he now claims is due him. The complaint was not filed until March 27, 1928, more than three years after the demand. The statute of limitations would bar a recovery for money due.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, MILLARD, and FRENCH, JJ., concur.