[No. 31538. Department One. February 15, 1951.]

Earl Koths, *Respondent*, v. Alvin C. Shagren, *Appellant.*[1]

*Everal Carson,* for appellant.

*Irving Koths* and *McMullen, Snider & McMullen,* for respondent.

Hill, J.—In a suit commenced by Earl Koths, assignee of Standard Brands, Inc., on the basis of an express contract to pay the sum of $324.55, it was proved that Standard Brands, Inc., a grocery wholesaler, had carried on business with Alvin C. Shagren, a grocery retailer, since prior to May 20, 1946; that all goods shipped and delivered to Shagren prior to January of 1947 were paid for on the invoices and statements sent him; that four shipments made in January and March, 1947, were received by Shagren (or his employees) at his usual place of business and invoices were furnished him showing the prices in detail, the total of the invoices covering the four shipments being $324.55;

[1]Reported in 227 P. (2d) 446.

that he made no complaint as to the prices; that, on August 3, 1949, he did write a letter in which he said:

"On the second day of March, 1947 I was not in business, as Service Market or A. C. Shagren. Invoices 3/7/ 149.57 and 3/19/47 are not mine";

that he was in fact in business until April 1, 1947; and that the four shipments were never paid for. There was no direct evidence of any promise or agreement by Shagren to pay, nor was there any direct evidence as to the market or reasonable value of the groceries delivered by Standard Brands, Inc., to Shagren. The trial court gave the assignee of Standard Brands, Inc., judgment for the invoiced price, $324.55, on the basis of an implied contract.

Shagren appeals, contending, first, that judgment cannot be given on the basis of an implied contract when an express contract is alleged; and, second, that if there was an implied contract, the amount of the recovery should be the reasonable value of the articles delivered and received, and there was no evidence of reasonable value.

The first contention is disposed of by our opinion in *Ross v. Raymer*, 32 Wn. (2d) 128, 201 P. (2d) 129, in which the plaintiff had sued on an express contract. We there said:

"The theory of an express promise to pay for the services, alleged in the complaint, has been abandoned, and the only question now before us is whether an implied promise to pay therefor was established by that degree of proof which is required in such cases."

■ When an express contract is alleged but the plaintiff fails to prove it but does prove an implied contract, he is entitled to recover in accordance with the terms of the implied contract. *Anderson v. Biesman & Carrick Co.*, 287 Ill. App. 507, 4 N. E. (2d) 639; 17 C. J. S. 1204, Contracts, § 569.

■ The second contention, that there must be proof of the reasonable value of the goods, is likewise without merit under the facts in the instant case. The seller here was entitled to recover the amount shown on the invoices under the rule that, when a buyer receives goods with knowledge

of the price demanded by the seller, or when such price is marked on the goods or stated on a bill or invoice sent to the buyer, he will ordinarily be bound to pay that price. This is because the price given represents that at which the seller is willing to sell, and the acceptance of the goods without protest implies willingness to buy at that price. *Mitchell & Co. v. McBee & Irvin,* 1 McMullan's Law (S. C.) 267, 36 Am. Dec. 264; 46 Am. Jur. 361, Sales, § 180; see, also, note in 11 L. R. A. (N. S.) 254, entitled "Acceptance of chattel before agreement as to purchase price, as assent to seller's price."

In territorial days we announced our adherence to the rule that, where a statement of account has been received and no objection made, the buyer by his silence does not preclude or estop himself from challenging the correctness of the account, but his silence does establish *prima facie* the accuracy of the items without further proof. *Baxter v. Waite,* 2 Wash. Terr. 228, 6 Pac. 429. We there said:

"Silence as to an open account rendered does not and ought not to extend liability in such an account beyond what is justly due. To hold otherwise would be to eliminate from the contract sued on, one of the essentials of all contracts, namely, the existence of a good consideration. The law imposes a penalty for the silence, however, which is that the burden of proof is shifted from the party whose interest it is to establish the account, and the account will stand in its entirety, unless the other party, by affirmative proof, can impeach it. The penalty is not the creation by the law of an entirely new contract between the parties, but the shifting from one party to the other of the burden of proof."

We affirmed that rule in *Merritt v. Meisenheimer,* 84 Wash. 174, 146 Pac. 370.

Mr. Shagren's silence on any issue of delivery or value having *prima facie* established the accuracy of the invoices, the burden of impeaching that accuracy was shifted to Mr. Shagren, and he made no effort in that direction.

The judgment is affirmed.

Schwellenbach, C. J., Beals, Donworth, and Finley, JJ., concur.